**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| FLOYD WHEELER-MCLAUGHLIN | : | |
| Appellant | : | No. 1875 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 2, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000842-2019

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 8, 2020**

Appellant, Floyd Wheeler-McLaughlin, appeals from the judgment of sentence entered on October 2, 2019, as made final by the denial of Appellant's post-sentence motion on October 10, 2019.  On this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

On August 21, 2019, Appellant pleaded guilty to escape and possession of a controlled substance.[1]  During the plea colloquy, Appellant admitted to the following:

> On or about March 20[,] 2019[, Appellant] . . . did unlawfully remove himself from official detention and [] he did run from [a police officer] causing him to pursue [Appellant] . . . through the streets of Scranton and deploy his Taser several times.
>
> . . .
>
> On or about the same date and time, [Appellant] did knowingly and intentionally possess a quantity of synthetic marijuana, [Appellant] not being registered under the active classes of persons able to do so.

N.T. Guilty Plea Hearing, 8/21/19, at 6-7.

On October 2, 2019, the trial court sentenced Appellant to serve a term of six to 18 months' incarceration on the escape conviction and to serve a consecutive term of six to 18 months' incarceration on the possession conviction, for an aggregate sentence of 12 to 36 months' incarceration.  N.T. Sentencing Hearing, 10/2/19, at 6-7.  Both sentences fall within the standard range of the sentencing guidelines.  *See* Appellant's Brief at 7.

On October 8, 2019, Appellant filed a timely post-sentence motion.  In relevant part, the motion declared that the trial court imposed an excessive sentence, as the trial court:  "relied upon [Appellant's] past [probation] violations in fashioning the present sentences" and failed to consider certain

---

[1] 18 Pa.C.S.A. § 5121(a) and 35 P.S. § 780-113(a)(16), respectively.

mitigating circumstances, such as Appellant's untreated mental health problems and substance abuse addiction. Appellant's Post-Sentence Motion, 10/8/19, at 5.

The trial court denied Appellant's post-sentence motion on October 10, 2019 and Appellant filed a timely notice of appeal. On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. The *Anders* brief raises one claim:

> Whether the trial court imposed harsh and unreasonable individual sentences and an aggregate sentence, contrary to the fundamental norms underlying the sentencing process[?]

Appellant's Brief at 4.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal;

- 3 -

> (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

- 4 -

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim Appellant raises in his brief.

On appeal, Appellant claims that the trial court abused its discretion by imposing a harsh and excessive sentence. Appellant's Brief at 9. Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence.

"[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Appellant filed a timely post-sentence motion and notice of appeal. Further, Appellant's post-sentence motion claimed that his sentence is excessive because the trial court "relied upon [Appellant's] past [probation] violations in fashioning the present sentences" and failed to consider Appellant's untreated mental health problems and substance abuse addiction. Appellant's Post-Sentence Motion, 10/8/19, at 5. Thus, Appellant preserved his current appellate claims. We will now determine whether either or both of Appellant's claims present a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." **Cook**, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. McKiel**, 629 A.2d 1012, 1013 (Pa. Super. 1993); **Commonwealth v. Goggins**, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. **Goggins**, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** at 727 (internal emphasis omitted).

Appellant's Rule 2119(f) statement contends that his sentence is excessive because the trial court: "double counted his prior offenses when it

noted his probation violations" and failed to consider his "history of drug addiction and mental health problems."  Appellant's Brief at 10.  Both claims present a substantial question, thus permitting our review of the claims.  **See Commonwealth v. Downing**, 990 A.2d 788, 792 (Pa. Super. 2010) ("[a]ppellant's claim [that] the trial court relied on an improper factor raises a substantial question permitting review"); **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) ("an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question").[2]

First, Appellant claims that the trial court improperly "double counted his prior offenses when it noted his probation violations" during the sentencing hearing.  **See** Appellant's Brief at 10.  We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion.  An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will.  It is more than just an error in judgment.

**Commonwealth v. Crork**, 966 A.2d 585, 590 (Pa. Super. 2009) (quotations and citations omitted).

---

[2] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa. Super. 2007) (quotations, citations, and corrections omitted); **see also Commonwealth v. Radecki**, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases).  Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

Further,

> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.
>
> Simply put, the evidence upon which a sentencing court relies must be accurate, and there must be evidentiary proof of the factor[] upon which the court relied.

***Downing***, 990 A.2d at 793 (quotations and citations omitted).

During the sentencing hearing, the trial court remarked: "And you were on probation and/or parole when this particular offense was committed. . . . And you have a history of violating your previous sentences, which means that you really weren't doing well under supervision." N.T. Sentencing Hearing, 10/2/19, at 6. Contrary to Appellant's claim on appeal, the trial court did not "double count[] his prior offenses when it noted his probation violations." ***See*** Appellant's Brief at 10. To be sure, the trial court was merely observing that Appellant's history of violating the terms of his probation and parole reflected poorly on his amenability to rehabilitation – and, as we have held, "[b]ecause our law requires a sentencing court to consider the prior criminal record to ascertain a defendant's amenability to rehabilitation, we cannot fault [a] trial court for doing so." ***See Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002). Therefore, Appellant's claim of error regarding this issue is frivolous.

Next, Appellant claims that the trial court abused its discretion in failing to consider the fact that he suffers from mental health problems and drug addiction. This claim immediately fails because, during Appellant's sentencing hearing, the trial court expressly stated that it considered the pre-sentence investigation report. N.T. Sentencing, 10/2/19, at 4. Given this fact, we must "presume that the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Appellant's claim of error is thus frivolous.

We have independently considered the claims raised within Appellant's brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2020

- 9 -